# GARDNER'S EXECUTOR *vs.* GARDNER'S HEIRS AND DISTRIBUTEES.

[PARTIAL DISTRIBUTION OF DECEDENT'S ESTATE.]

1. *Partial distribution; notice to distributees.*—The probate court has no authority, on the application of an executor, to make a decree distributing Confederate money among distributees without notice to them of such a proceeding, and without any appearance or waiver of notice on their part. A notice to appear at the time, as parties to a proceeding for the settlement of the accounts of such executor, which settlement was abandoned, is not sufficient to sustain the decree.

APPEAL from the Probate Court of Dallas.

IN the matter of the estate of Garland T. Gardner, deceased ; Virgil H. Gardner, the surviving executor of said estate, appeared in the probate court of Dallas county, on the 16th September, 1863, the day appointed for the final settlement of his executorship of said estate. The order of the court made on that day, after stating as above set forth, is as follows : "Came the said V. H. Gardner, and the account for a final settlement is hereby withdrawn, by leave of the court, and the said V. H. Gardner, surviving executor, as aforesaid, filed in court the following report and petition under oath, which report is in the following words and figures, to-wit :" &c. The petition states that said executor had come into possession of a large sum of Confederate money from the sale of property belonging to the estate of his testator, and petitioned for an order of the court dividing said money amongst the heirs and distributees of said Garland T. Gardner, deceased. The court on the same day made the order, as prayed for, decreeing a distribution of said money amongst said heirs and distributees, and the order thus proceeds : "And the said V. H. Gardner, having given his check on the Bank of Selma, where said funds are deposited, for said several amounts, to

Thomas G. Raner, as judge of the probate court of Dallas county, in full satisfaction and payment of said orders and decrees; it is therefore ordered and decreed, that satisfaction be entered of said decree," &c. On the 13th August, 1866, the appellants, who are the heirs and distributees of said decedent, took an appeal from said decree to the supreme court, and assigned the decree as error.

WM. M. BROOKS, and PETTUS & DAWSON, for appellants.
JOSEPH R. JOHN, and J. T. MORGAN, *contra.*

A. J. WALKER, C. J.—In this case the probate judge made a decree on the application of the executor, distributing a large amount of Confederate money unequally among the distributees, and upon the reception of a check for the money, entered satisfaction. Of this proceeding the distributees had no notice, and the names of some of them were not even stated. Such a decree, so affecting the distributees, should not have been rendered without notice.—*Harrison v. Harrison,* 9 Ala. 470; *McCurry v. Hooper,* 12 Ala. 823.

It may be that by a perfection of the record, it would appear that the distributees were notified to appear at the time as parties to a proceeding for a settlement of the accounts. But upon such notification, if it was given, the court could not proceed to make the orders that were made after an abandonment of the proceeding for a settlement. There was no appearance or waiver of notice by the parties who assign error.

Reversed and remanded.

BYRD, J., not sitting.